Scott, J.
The original action was brought by defendants in error against plaintiff in error before a justice of the peace. Their bill of particulars, filed with the justice, and upon which they procured a summons to issue for the appearance of the defendant below, shows very •clearly that the action was brought upon a promissory note, made and delivered to them by one Eliza Henderson, a feme sole, who, they allege, was thereafter married to, and then was the wife of, the defendant below. They say the note was dated November 3, 1860, due in six mouths, and. they claim to recover of defendant the amount or principal of the note, $240.19, and interest till date, $59.80, making, in the aggregate, $299.99. The action was evidently brought to enforce the common-law liability of the •defendant below, as husband, for the debt of his wife, contracted before marriage. Hpon the trial the defendant below proved a divorce, then recently decreed by a court of competent jurisdiction, between himself and said Eliza, .at her suit; and judgment was thereupon rendered by the justice in his favor.
Erom this judgment the plaintiffs below appealed to the •court of common pleas, where they filed a petition upon ■quite a different cause of action. By this petition they sought to recover damages for the breach of a special parol contract made with them by defendant below, on May 1, 1869, whereby, as .they allege, he agreed to pay them a sum. less than the amount due on the note, provided they would *372 perform certain conditions precedent, and would accept such smaller sum in full satisfaction of the claim evidenced by the note. u‘
They allege that they accepted and agreed to these terms, and performed the conditions precedent, and that the defendant thereupon refused, on demand, to pay the-sum agreed upon, and repudiated said contract,- and they thereupon ask judgment for such smaller sum, with interest thereon from the date of such contract.
As the breach of this, special contract constituted' the sole cause of'action in the petition of plaintiffs below, and as this contract had been wholly ignored by them in their action-before the justice, it seems- clear that the court of common pleas could have no appellate jurisdiction over a cause of action which had never been submitted to or passed upon by the justice. The variance was such that the defendant below might well have moved the court to strike the-petition from the files. But no such motion seems to have been made; and the case was one in which the court, might, on the voluntary appearance, and with the consent of the defendant, exercise original jurisdiction. We think the defendant voluntarily submitted himself and the new cause of action to the jurisdiction of the court, by demurring only on the ground that the petition did not statefacte sufficient to constitute a cause of action. It would have been otherwise had he demurred specially on the-ground that the court had bo jurisdiction of the subject of the action. But by demurring generally, and subsequently answering to the merits, he waived all right to object to the jurisdiction which he had himself invoked. Still the jurisdiction exercised was original, not appellate, and the character of the action and the issues made by the pleadings were such as gave either party a right to demaud a trial by jury. It was therefore the right of the defendant, when upon the trial a verdict and judgment were rendered against him, to demand a second trial; and we are inclined to think the court of common pleas erred in *373 •denying him this right. Wood v. O' Ferral et al., 19 Ohio St. 427.
But the record presents another and perhaps still more important question. The defendant below, by his answer, among other things, denied the existence of the special ■contract on which the action was brought. To maintain this issue on his part, he offered in evidence, upon the trial, the bill of particulars of plaintiffs below, on which their ■action before the justice was founded; and his counsel claimed that the plaintiffs having brought an action against him on his wife’s note, as shown by said bill of particulars, after the making of the supposed contract, and in disaffirm.ance thereof, they could no longer maintain an action on it. But the court instructed the jury otherwise, and told them in substance that, if the plaintiff’s action before the justice was on the note alone, and without any reference to the •special contract on which they now sue, this fact would not prevent a recovery.
In so instructing the jury we think the court of common pleas erred. The plaintiffs below, in their petition, say that the defendant repudiated the special contract, and that they, upon learning that fact, brought their action before the justice, as they well might. It is quite true that when the defendant below refused to abide by and perform the alleged contract, the plaintiffs below had a right to regard it as rescinded. They had a clear right of election. They might either abide by the special contract and bring their action to recover for its breach, or they might acquiesce in the repudiation of it by the other party and bring their action on the note and recover, if they could, the full amount of principal and interest due thereon. They chose the latter alternative, and brought suit upon the note.
And by that election freely made, they must be conclusively bound. Having chosen to abandon the special contract, and try the chances of recovering a larger sum upon the liability of the defendant as the husband of their original debtor, they can not, when this cause of action fails, fall back on the special contract to which they have put an *374 end by a conclusive act of disaffirmance. Plaintiffs below had alternative remedies, but not remedies to be enforced alternately. The insuperable difficulty in the case of plaintiffs below is not that their cause of action before the justice was a different one from that stated in their petition, hpt that suit upon the former necessarily implies a rescission and abandonment of the latter.
It follows, of course, that the court of common pleas also erred in overruling the motion of plaintiff' in error, to set aside the verdict of the jury, and grant him a new trial, and that the district court erred in affirming the-judgment of the court of common pleas. The judgments of both courts must be reversed, and the cause be remanded to the court of common pleas..

Judgment accordingly.